**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



SIMON CHAN,

        Appellant,

v.

LOIS I. BRADY, Trustee,

        Appellee.

No.    21-16464

D.C. No.  5:20-cv-06569-LHK

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Lucy H.  Koh, District Judge, Presiding

Submitted March 28, 2023**
San Francisco, California

Before:  GOULD and IKUTA, Circuit Judges, and KORMAN,*** District Judge.

Simon Chan appeals the district court's decision affirming the bankruptcy

court's denial of his motion to compel abandonment of several counterclaims

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    ***     The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

against certain creditors and its approval of the Trustee's settlement of those counterclaims. We have jurisdiction, *see* 28 U.S.C. § 158(d)(1), and affirm.

Chan's civil RICO and abuse of process counterclaims are property of the estate because they accrued pre-petition when the creditors testified at the bench trial; at that time, Chan knew or had reason to know that their testimony was false. *See Pincay v. Andrews*, 238 F.3d 1106, 1109–10 (9th Cir. 2001); *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1056–57 (2006); *Cusano v. Klein*, 264 F.3d 936, 947–48 (9th Cir. 2001).[1] Chan cannot assert a malicious prosecution claim based on a California Superior Court lawsuit brought by these creditors, because that action did not result in a "legal termination in favor of [Chan]." *Parrish v. Latham & Watkins*, 3 Cal. 5th 767, 775 (2017).

Because the Trustee's settlement of Chan's counterclaims constitutes the administration of the property of the estate, it is a core matter under 28 U.S.C. § 157(b)(2)(A), (O); *see also Woodson v. Fireman's Fund Ins. Co. (In re Woodson)*, 839 F.2d 610, 620 (9th Cir. 1988); Fed. R. Bankr. P. 9019(a). Therefore, the bankruptcy court may approve the settlement, rather than submit

---

[1] Chan did not argue to the bankruptcy court that he had a counterclaim arising out of a conspiracy to falsely state the Statement of Decision issuance date. Therefore, we do not consider this issue on appeal. *See United States v. Kirilyuk*, 29 F.4th 1128, 1136 (9th Cir. 2022).

proposed findings of fact and conclusions of law to the district court. *See Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 679, 683 (2015); *Stern v. Marshall*, 564 U.S. 462, 482, 494–95 (2011).

There is no record evidence to support Chan's theory that the Trustee colluded with the settling creditors or had a conflict of interest, given that the events giving rise to Chan's counterclaims occurred before Chan filed his petition in bankruptcy. Therefore, the creditors would not have an *in pari delicto* defense. Moreover, the Trustee is required by statute to attempt to settle the counterclaims in a way that "is compatible with the best interests of parties in interest." 11 U.S.C. § 704(a)(1). Chan is incorrect that the settlement adds no value to the estate, since the Trustee settled the claims for $7,500. Chan does not explain why the settlement would violate the due process rights of unidentified RICO victims. Finally, the bankruptcy court held a hearing in compliance with Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, and Chan did not request a "full evidentiary hearing."

**AFFIRMED.**